## McFADDEN *v.* DILLY.

A bond to take the benefit of the insolvent law is not discharged by the act of July 12th, 1842.

ERROR to the Common Pleas of Crawford county.

Debt on a bond dated May, 1842, conditioned that A. would take the benefit of the insolvent law. At the next term, August, the petition was presented, and the second Monday in November fixed for hearing. Nothing further being done, this suit was instituted. The court was of opinion that the act of 1842 discharged the obligation of the bond.

*Pearson,* for plaintiff in error, contended that act extended merely to cases where the bail could surrender in discharge at any time, which was not the case here.

*Farrelly,* contrà.

BURNSIDE, J., after stating the case.—It is in vain we look into the act of the 12th July, 1842, to abolish imprisonment for debt and to punish fraudulent insolvency, for a single principle or expression that would warrant this instruction. The act is totally silent on the subject of insolvent debtors who had been arrested and given bonds to take the benefit of the insolvent laws. It makes no mention or allusion to such cases. It has no provision about them. The condition of the bond was, " that Dilly should appear at the next term of the Court of Common Pleas of the said county, and then and there present his petition for the benefit of the insolvent laws of this Commonwealth, and comply with all the requisitions of the insolvent law, and abide all the orders of the said court in that behalf, or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the jail of said county." The plaintiff had no interest in the property he returned; the order of the court was that he should appear on the 25th November, 1842. This he omitted to do, and this omission was a forfeiture of his bond. It is held in Hulmer v. Bast, 1 Penna. Rep. 270, that it is the duty of one who has given bond to make application for the benefit of the insolvent laws, to surrender himself to prison in discharge of his surety, where he has omitted to take the benefit of the insolvent act, and this without the order of the court for the purpose. Here Dilly neglected to comply

F

with the orders of the court. He omitted to surrender himself to jail as the insolvent laws required, and the act of the 12th July, 1842, did not exonerate his bail, nor him from complying with the conditions of his bond.

Judgment reversed, and a venire de novo awarded.